**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Kim R. Vickers, | ) | C/A No.: 2:23-cv-131-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Wal-Mart Stores East, LP and North Pointe SC Station, LLC, | ) | **(JURY TRIAL REQUESTED)** |
| | ) | |
| Defendants. | ) | |

Plaintiff Kim R. Vickers ("Plaintiff" or "Vickers") complaining of Defendants Wal-Mart Stores East, LP and North Pointe SC Station, LLC would respectfully show unto the Court as follows:

**PARTIES**

1. Plaintiff Kim R. Vickers is a citizen and resident of Charleston County, South Carolina.

2. Defendant Wal-Mart Stores East, LP ("Wal-Mart") is a Limited Partnership organized and existing under the laws of the State of Delaware. Defendant Wal-Mart transacts substantial business in Charleston County, South Carolina, including the operation of the Wal-Mart store located at 7400 Rivers Avenue, North Charleston, South Carolina.

3. Defendant North Pointe (SC) Station, LLC ("North Pointe") is a Limited Liability Company organized and existing under the laws of the State of Delaware. Upon information and belief, Defendant North Pointe owns and controls the land on which the Wal-Mart store is located and leases same to Wal-Mart.

**JURISDICTION AND VENUE**

4. Jurisdiction is proper in the United States District Court based on 28 U.S.C. §1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the District of South Carolina, Charleston Division pursuant to 28 U.S.C. §1391(b) and Local Civil Rule 3.01, as a substantial part of the events, acts, and omissions giving rise to this claim occurred in this Division, and Plaintiff is located in this Division.

**FACTS**

6. On or about April 4, 2020, Kim R. Vickers traveled to the Wal-Mart located at 7400 Rivers Avenue, North Charleston, South Carolina to shop for groceries.

7. While walking from the Wal-Mart to her vehicle, Vickers encountered a large hole in the pavement and tripped in this hole, causing her ankle to roll and her to lose her balance.

8. The condition of the parking lot on the Wal-Mart and North Pointe property violates safe business practices, South Carolina building codes and industry standards.

9. As a direct and proximate result of her trip and fall, Vickers suffered injuries to her hands, wrists, neck, shoulders, and back.  She has been forced to undergo physical therapy and spinal injections to attempt to remediate the pain and damage caused from these injuries and may need to undergo back surgery as a result of this fall.

10. Vickers continues to have pain, discomfort, and limitations caused by her injury.

11. At the time this incident occurred, Vickers was an invitee.  As such, Defendants owed her a duty to exercise reasonable and ordinary care in keeping the parking lot free and clear of dangerous conditions.

12. Upon information and belief, Defendant North Pointe owns that portion of the parking lot which presented and contained the dangerous condition and the location where Vickers fell.

13. Defendant Wal-Mart leases the property at issue to operate a for-profit business and is responsible for keeping the lot free from hazardous conditions.

## FOR A FIRST CAUSE OF ACTION
### (Negligence, Gross Negligence, and Negligence Per Se)

14. Each and every allegation set forth in Paragraphs 1-13 hereinabove is incorporated as if fully set forth herein verbatim.

15. Defendants, at the time and place mentioned above, owed Plaintiff a duty to maintain the parking lot, make it safe, repair it, keep it free from defects, and maintain the entrances and exits to and from the store pursuant to the South Carolina building codes and industry standards.

16. Defendants breached the duty they owed to Plaintiff, and Plaintiff suffered injuries that were directly and proximately caused by the carelessness, negligence, recklessness, wantonness, and heedlessness of Defendants in each of the following particulars:

   a. In failing to warn of the dangerous and unsafe conditions of the parking lot;

   b. In failing to take adequate safety measures, including but not limited to, maintaining a safe parking lot, entrances, and exits;

   c. In failing to repair the parking lot and to adequately provide for the safety of pedestrians and patrons;

   d. In failing to inspect the parking lot for defects;

   e. In failing to repair, replace, or maintain the parking lot from its poor condition when on notice of the condition and allowing the parking lot to remain in the condition for an unreasonable amount of time; and

    f.  In failing to maintain the parking lot pursuant to the applicable building codes and industry standards.

17. Defendants knew or should have known that the condition of the parking lot created a dangerous condition to patrons and pedestrians.

18. The applicable building codes and other industry standards set out safety regulations that ensure patrons will be safe while visiting a property. These codes are intended to protect visitors, like Vickers, from injury.

19. The poor conditions and failure to bring the parking lot into compliance violates the applicable building codes and industry standards, amounting to negligence per se.

20. Defendants were negligent and grossly negligent in breaching the duties owed to Plaintiff.

21. Defendants' acts and omissions were the proximate cause of the damages suffered by Plaintiff.

22. As a result of Defendants' negligence, Vickers suffered, and continues to suffer, damages including, but not limited to:

    a.  Healthcare expenses;

    b.  Physical pain and suffering;

    c.  Mental and emotional distress;

    d.  Loss of ability to be productive; and

    e.  Loss of enjoyment of life and hobbies.

23. Plaintiff is entitled to, and prays for, an award of damages against Defendants, both actual and punitive, and in an amount deemed sufficient to compensate her fully for all losses, damages, past, present, and future, as well as punitive damages in an amount deemed sufficient to

impress upon Defendants the seriousness of its conduct and to deter such similar conduct in the future.

## FOR A SECOND CAUSE OF ACTION
### (Premises Liability)

24. Each and every allegation set forth in Paragraphs 1-23 hereinabove is incorporated as if fully set forth herein verbatim.

25. As the owner and operator of the grocery store, Defendants owed a heightened duty of care to patrons of the store.

26. Vickers was an invitee of Defendants. She entered the premises with express permission for the purposes of benefitting Defendants by shopping at the Wal-Mart store.

27. Because of Vickers' status as an invitee, Defendants owed Vickers a duty of care to discover risks and take safety precautions to warn of or eliminate any unreasonable risks within the area of invitation.

28. Defendants breached the duty it owed to Vickers, and Vickers suffered injuries due to, caused by, and were the direct and proximate result of failure to maintain a safe premises in each of the following particulars:

   a. In failing to discover the hazardous condition on the premises;

   b. In failing to take measures to repair, replace, or fix the uneven parking lot to eliminate the risks on the premises;

   c. In failing to warn Plaintiff of the unsafe condition on the premises; and

   d. In failing to adhere to building codes and industry standards.

29. Defendants knew or should have known that the condition of the parking lot created a dangerous condition of patrons and pedestrians.

30. As the owner of the premises, Defendant North Pointe was in violation of the heightened standard of care it owed to its invitees.

31. As the operator of the premises, Defendant Wal-Mart was in violation of the heightened standard of care it owed to its invitees.

32. Both the theory of premises liability and the applicable building codes and other industry standards set out safety regulations that ensure patrons will be safe while visiting a property and require Defendants to discover, repair, or warn invitees about hazardous conditions.

33. Defendants violated their duty of care owed under the theory of premises liability.

34. Defendants' acts and omissions were the proximate cause of the damages suffered by Plaintiff.

35. Plaintiff is entitled to, and prays for, an award of damages against Defendants, both actual and punitive, and in an amount deemed sufficient to compensate her fully for all losses, damages, past, present, and future, as well as punitive damages in an amount deemed sufficient to impress upon Defendants the seriousness of its conduct and to deter such similar conduct in the future.

WHERFORE, having complained of Defendants, Plaintiff requests that the Court enter judgment against Defendants in Plaintiff's favor on all causes of action and grant her such actual and punitive damages as she may be entitled and/or determined by the trier of fact, against Defendants, plus all other damages allowed by law and such other and further relief as the Court deems just and proper.

[SIGNATURE BLOCK ON NEXT PAGE]

          **McCULLOUGH KHAN, LLC**

          s/Clayton B. McCullough
          Clayton B. McCullough, Esq. (Fed. Bar #7120)
          2036 eWall Street
          Mount Pleasant, SC 29464
          (843) 937-0400
          (843) 937-0706 (fax)
          clay@mklawsc.com

          **Counsel for Plaintiff**

January 11, 2023
Mount Pleasant, South Carolina